IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:12CR131 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER |
| JUAN CASTREJON, | ) ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 80) filed by the Defendant, Juan Castrejon.

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

### FACTUAL BACKGROUND

Castrejon pleaded guilty to Count I of the Indictment charging him with possession with intent to distribute more than 5 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1). There was no plea agreement in this case. His guideline range was 70-87 months based on a Total Offense Level of 27 and placement in Criminal History Category I. The Court granted the Defendant's motion for downward departure, and

sentenced his at the mandatory minimum term of 60 months imprisonment and 4 years supervised release. (Filing No. 77.) He did not file a direct appeal.

In his timely filed § 2255 motion, Castrejon requests that the district court vacate his sentence based on ineffective assistance of counsel by his attorney. Specially, Castrejon alleges that at his sentencing his attorney contested the sentencing guideline §2D1.1(b)(1) firearm enhancement applied to the Defendant (which he contends prevented him from being eligible for the 18 U.S.C. §3553(f) safety valve), but his attorney did not contest the authority of the Sentencing Commission to impose such an enhancement under the guidelines.

## DISCUSSION

In order to establish ineffective assistance of counsel, Castrejon must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

Castrejon argues that his attorney was ineffective at sentencing because his attorney did not understand the structure and basic content of the guidelines and the purpose of the 1984 Sentencing Reform Act, and failed to contest the authority of the Sentencing Commission in the promulgation of guidelines.

Castrejon's attorney filed objections to the Presentence Investigation Report ("PSR") arguing that Castrejon did not possess a dangerous weapon and that his Adjusted Offense Level should be reduced by two additional levels tor an Adjusted Offense Level of 28. He also argued that Castrejon should be "safety valve" eligible, reducing his Adjusted Offense Level to 23 and his advisory guideline range to 46 to 57 months. Castrejon's attorney also filed a Motion for Variance from the Sentencing Guideline and a supporting brief. In the supporting brief, Castrejon's counsel argued at length about the proper role of the Sentencing Commission and the advisory guidelines, as well as various theories supporting a downward variance from the guideline range.

At sentencing, defense counsel's objections to the PSR were overruled, because (1) the record before the Court established that Castrejon acknowledged ownership of the loaded firearm and ammunition that were found in his residence, along with drugs and drug paraphernalia, and it was not clearly improbable that the weapon was used in connection with his drug activity, and (2) Castrejon was not eligible for the safety valve. The Court did grant defense counsel's motion for variance, and sentence Castrejon to the statutory mandatory minimum term of incarceration.

Castrejon's complaints about his attorney's representation at the sentencing hearing do not rise to a level showing that his attorney performed outside the wide range of reasonable professional assistance or made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012) ("There is a 'strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance.'") (quoting *Strickland*, 466 U.S. at 689). Nor has Castrejon demonstrated that he suffered any prejudice as a result of any deficiencies in his counsel's representation.

## CONCLUSION

Castrejon has not satisfied either prong of the *Strickland* test, and his § 2255 Motion will be denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 80);

2. The Court summarily denies the Defendant's claims raised in the § 2255 motion, and the motion (Filing No. 80) is denied; and

3. A separate Judgment will be issued denying the § 2255 motion; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 27th day of December, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge